IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SNOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3051 |
| | ) | |
| CAROL ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion to Dismiss (d/e 4). For the reasons set forth below, the Motion is ALLOWED, but Plaintiff Richard Snowden is given leave to re-plead.

STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Snowden. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim

1

showing that Snowden is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).[1]

The Complaint alleges that Snowden is an educator by profession.  He became the Superintendent at the Illinois School for the Visually Impaired (School) in April 2005.  The School is operated by the Illinois Department of Human Services (Department).  Beginning in March 2006, Snowden alleges that some staff, students, and alumni of the School started spreading false allegations of misconduct against Snowden.  The spread of the false allegations intensified during the late summer and fall of 2006.  On November 7, 2006, Snowden was removed as Superintendent of the School and transferred to a position at the Forensic Unit (Unit) of the Department's Division of Mental Health.  The Unit, however, had no work for Snowden.  He alleges that he was eventually forced to resign because of

---

[1] Plaintiff erroneously relies on the statement in Conley v. Gibson, that this Court should not dismiss the Complaint unless it is clear that there is no set of facts which Snowden could prove consistent with the pleadings that would entitle him to relief. Memorandum of the Plaintiff, Richard Snowden, in Opposition to the Defendant's Motion to Dismiss (d/e 8) (Response), at 3, citing Conley, 355 U.S. 41, 45-46 (1957). The Supreme Court has expressly disapproved of this standard. Twombly, 550 U.S. 544, 127 S.Ct. at 1968-69.

the intolerable conditions at the Unit.

Snowden alleges that the Defendants participated in the decision to remove him as Superintendent of the School. He alleges that the Defendants dismissed him as Superintendent because of the false allegations. He alleges that he was not given a hearing of any kind when he was removed as Superintendent of the School. He alleges that the false allegations were disseminated widely about him. He alleges that the fact that he was dismissed from the School because of the false allegations was also widely disseminated. He alleges that dissemination of this information has so damaged his reputation that he cannot pursue his career as an educator. He alleges that the Defendants have thereby denied him his liberty interest without due process of law. He asks for damages, declaratory relief, and equitable relief to restore him to his position as Superintendent of the School.

## ANALYSIS

The Defendants move to dismiss on the grounds that Snowden has not stated a claim against the Defendants for denial of his liberty interest without due process. The Court agrees. To state a claim for a denial of a liberty interest, Snowden must allege that the Defendants took some

3

wrongful action that seriously damaged his reputation so as to impose a stigma on him that has effectively prevented him from pursuing his chosen profession.  Ratliff v. City of Milwaukee, 795 F.2d 612, 625 (7th Cir. 1986).  The act of terminating his employment alone is insufficient.  Hedrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1184 (7th Cir. 2001).  Snowden must allege that the Defendants committed some additional act that so stigmatized him that he could not pursue his career as an educator.  Ratliff, 795 F.2d at 626-27.  Snowden nowhere alleges that the Defendants took any action except dismissing him from his post at the School.  Snowden does not allege that any of the Defendants either made any of the false allegations or repeated any of the false allegations about him to anyone.  Snowden nowhere alleges that the Defendants publicized the reason for his dismissal as Superintendent of the School.  Rather, Snowden alleges that the staff, students and alumni of the School committed the wrongful acts, not the Defendants.  The Defendants are not liable because other people disseminated false allegations about Snowden.  See Franklin v. City of Evanston, 384 F.3d 838, 845 (7th Cir. 2004) (no liability for statements made by other employees); Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1, 143 F.3d 351, 356

4

(7th Cir. 1998) (no liability for rumors spread by others). Snowden fails to state a claim that the Defendants denied him a liberty interest.

Snowden argues that he is not required to plead with such specificity. Snowden is not required to plead with specificity. He is only required to provide a short, plain statement that gives notice of the claim. Fed. R. Civ. P. 8. In giving notice, however, he must allege, at least in general terms, the wrongful act that the Defendants committed. In this case, Snowden must at least allege that the Defendants personally did something that stigmatized him, beyond dismissing him from his position. He has not done so. He fails to state a claim.

Snowden argues that the Court does not need to address, at this time, whether he must allege that the Defendants must personally disclose stigmatizing information. Response, at 6 n.2. The Court agrees to a limited extent. Snowden must allege that the Defendants personally did something wrongful, beyond dismissing him from his position at the school, that so stigmatized him that he cannot seek his chosen profession. The Court reserves ruling on whether the wrongful act must be public dissemination of stigmatizing information, although that is typically required in these cases. See McMath v. City of Gary, Ind., 976 F.2d 1026, 1032-34 (7th Cir. 1992).

It is conceivable that the Defendants could have committed some other type of wrongful act that so damaged Snowden's reputation throughout the relevant professional community that he cannot pursue his career. Regardless, Snowden has not made such an allegation. Snowden does not allege that these Defendants did anything wrongful beyond dismissing him from his position. Snowden fails to state a claim.

In the alternative, Snowden asks for leave to re-plead. The Court grants him leave.

THEREFORE, Defendants' Motion to Dismiss (d/e 4) is ALLOWED. The Complaint is dismissed, but the Plaintiff is given leave to file an amended complaint by December 23, 2008. The Defendants are directed to respond to the amended complaint by January 15, 2009.

IT IS THEREFORE SO ORDERED.

ENTER:   November 21, 2008

       FOR THE COURT:

                                               s/ Jeanne E. Scott  
                                                JEANNE E. SCOTT  
                                    UNITED STATES DISTRICT JUDGE